**Lisa M. THEODOROU, Plaintiff,**

v.

**Thomas TANNER and Kenneth Feeley, Defendants.**

**No. 93 C 6052.**

United States District Court, N.D. Illinois, E.D.

Jan. 18, 1994.

---

Michael H. Saken, Wheeling, IL, for plaintiff.

Gregory E. Rogus, Martin A. Dolan, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Lisa M. Theodorou ("Theodorou") brings this § 1983 complaint against defendants Thomas Tanner ("Tanner") and Kenneth Feeley ("Feeley"), alleging that the two police officers used excessive force against her and maliciously prosecuted her without probable cause. Defendants now move to dismiss those charges relating to malicious prosecution. For the following reasons, we deny the motion.

### I. Factual Background [1]

According to Theodorou, on April 25, 1993 she was driving in Schaumburg, Illinois. Although she had broken no laws, Officer Feeley pulled her over. Shortly thereafter, Officer Tanner arrived at the scene and, without cause, assaulted and battered Theodorou. Next, Tanner allegedly arrested Theodorou and falsely charged her with battery and resisting a police officer. For his part, Feeley falsely charged Theodorou with disobeying a uniformed officer and failing to have proof of insurance. After her arrest, defendants brought Theodorou to the Schaumburg police station, where she was fingerprinted, photographed and incarcerated for roughly an hour and a half before she posted bond.

On September 9, 1993, plaintiff stood trial [2] and was acquitted of all charges. Theodorou asserts that "as a result of these false and malicious charges and the injuries sustained as aforesaid, Plaintiff was unable to work and suffered lost income thereby." Cmplt. at ¶ 16.

### II. Discussion

In moving to dismiss the allegations of malicious prosecution, Tanner and Feeley correctly point out that a malicious prosecution claim, standing alone, cannot support a § 1983 action. Put another way, a malicious prosecution claim may fall within § 1983 only if a plaintiff alleges injuries amounting to a deprivation of her liberty or property without due process. *Albright v. Oliver*, 975 F.2d 343, 345–46 (7th Cir.1992). Defendants contend that Theodorou's allegations fall short of stating an independent constitutional violation. At this stage of the litigation, however, we must disagree.

As Tanner and Feeley argue, there is support for the notion that a brief incarceration and/or a quick trial do not constitute the sort of shocking deprivation of liberty necessary to vault a malicious prosecution from the realm of common law to constitutional tort. *See, e.g., Grauer v. Donovan*, 1993 WL 433623, 1993 U.S.Dist. LEXIS 14864 (N.D.Ill. 1993) (imprisonment for several hours pending bond insufficient to allege the constitutional violation necessary to support a malicious prosecution claim). *But see Thomas v. Sams*, 734 F.2d 185, 191 n. 14 (5th Cir.1984). In addition to her allegations of incarceration, however, Theodorou claims that "[a]s a result of these false and malicious charges and the injuries sustained as aforesaid, Plaintiff was unable to work...." Cmplt. at ¶ 16. Following the Supreme Court's lead, the Seventh Circuit has recognized that a person's liberty of occupation is one of the liberties protected by the due process clause. *See*

---

1. Because this is a motion to dismiss, we will, of course, take all well-pleaded allegations as true and will draw all reasonable inferences in favor of the plaintiff.

2. The trial seems to have lasted only an hour or two.

*Albright,* 975 F.2d at 346 (citing, *Hampton v. Mow Sun Wong,* 426 U.S. 88, 102, 96 S.Ct. 1895, 1905, 48 L.Ed.2d 495 (1976); *Colaizzi v. Walker,* 812 F.2d 304 (7th Cir.1987)). Here, the allegations surrounding Theodorou's purported loss of occupation are murky. For example, it is not at all clear whether she was temporarily or permanently unable to work, or whether the loss of work was due to her prosecution rather than the alleged use of excessive force. In short, Theodorou has not specifically alleged that she is unemployable as a result of her prosecution. *See Albright,* 975 F.2d at 346 (In holding that plaintiff had not stated a cause of action for malicious prosecution under § 1983, court observed that plaintiff "[did] not content that he [was] either unemployable as a result of his prosecution or that he was put in jail or even forced to stand trial."). Nonetheless, the complaint does assert an inability to work and does link it to the prosecution. Accordingly, drawing all inferences in favor of the plaintiff, we conclude that, at the present time, it would be inappropriate to dismiss this action.

### III.  Conclusion

For the foregoing reasons, we deny defendants' motion to dismiss. It is so ordered.